UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2002 AUG 12 PM 1:44

U.S. DISTRICT COURT

| | |
|---|---|
| DAKSHINI R. SENANAYAKE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| THE UNAUTHORIZED PRACTICE | § |
| OF LAW COMMITTEE, | § |
| RODNEY GILSTRAP, in his Official Capacity | § |
| As Chair of the Unauthorized Practice of Law | § |
| Committee, and | § |
| THE STATE BAR OF TEXAS, | § |
| | § |
| Defendants. | § |

A02 CA 504 SS

Civil Action No. _____

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

**I.    INTRODUCTION AND SUMMARY.**

The Plaintiff is a lawyer living and working in Houston who is licensed by the Supreme

Court of New York and the U.S. District Court for the Southern District of Texas, but who is not

yet eligible to take the Texas bar.  She limits her practice to federal immigration law before the

Immigration and Naturalization Service (INS).  Despite 40 years of precedent holding that

federal agencies have the exclusive right to govern who may practice law before them, the Texas

Unauthorized Practice of Law Committee (UPLC), with the State Bar of Texas' support, is trying

to ban the Plaintiff from practicing before the INS.  Because the Defendants' actions patently

violate federal law and threaten immediate and irreparable harm to the Plaintiff, her clients, and

the federal system, she seeks preliminary injunctive relief.

**II.    FACTS.**

Dakshini R. Senanayake was born and raised in Sri Lanka.  She received a law degree

from the Sri Lanka Law College, and was admitted to practice law in Sri Lanka in 1983.  She



and her husband emigrated to the United States in 1990, and have lived in Houston, Texas, since September 1991. Ms. Senanayake received a Bachelor of Science in Criminal Justice, cum laude, from the University of Houston in 1995, and a Master of Laws from the University of Houston College of Law in 1997. She became a United States citizen in July 2001.

Ms. Senanayake is a member in good standing of the New York bar. She is also admitted to practice before the U.S. District Court for the Southern District of Texas. *See* Exhibits 1 and 2, attached. She restricts her practice exclusively to immigration matters pursuant to regulations issued by the Immigration and Naturalization Service (INS) that permit a person to be represented by an "attorney," defined as

> any person who is a member in good standing of the bar of the highest court of any State, possession, territory, Commonwealth, or the District of Columbia, and is not under any order of any court suspending, enjoining, restraining, disbarring, or otherwise restricting him in the practice of law.

8 C.F.R. § 1.1(f); 8 C.F.R. § 292.1.

Ms. Senanayake represents over one hundred clients in matters pending before the INS. Ms. Senanayake has never appeared in Texas state courts on behalf of clients. She does not draft or sign Texas court pleadings, give clients advice regarding Texas law, or claim she is licensed by the Texas Supreme Court. She is not under any order of any court suspending, enjoining, restraining, disbarring, or otherwise restricting her in the practice of law. She intends to sit for the Texas bar exam as soon as she is eligible. Under Texas Board of Law Examiners' rules, once Ms. Senanayake has practiced exclusively federal law for three years, she will be eligible to take the exam. She recently completed her first full year of such practice.

The UPLC is a government body created by the Texas Legislature that is supposed to consist of nine members appointed by the Texas Supreme Court, at least three of whom must be non-lawyers. *See* Tex. Gov't Code § 81.103, *et seq.* The UPLC is authorized to "seek the elimination of the unauthorized practice of law by appropriate actions and methods, including the

filing of suits in the name of the committee." Tex. Gov't Code § 81.104(2). The UPLC's members are non-compensated volunteers, and the UPLC in turn appoints other non-compensated persons to sit on regional subcommittees. Defendant Gilstrap is its current Chair.

The State Bar of Texas (State Bar) is a public corporation and an administrative agency of the judicial department. It regulates attorneys licensed by the Supreme Court of Texas. The State Bar pays "[a]ll necessary and actual expenses of the [UPLC]," Tex. Gov't Code § 81.103(f), including the expenses incurred in bringing lawsuits.

In August 2001, persons identifying themselves as members of the UPLC or its regional subcommittee began investigating Ms. Senanayake with the apparent goal of precluding her from practicing immigration law because she does not yet hold a Texas law license. Ms. Senanayake fully cooperated, and informed these individuals that her practice consisted of immigration law matters before the INS, that she held an active New York law license, and that federal regulations therefore permitted her to practice before the INS.

Despite knowing this, the UPLC sued Ms. Senanayake in Harris County District Court, seeking a temporary and permanent injunction and a declaration that Ms. Senanayake's activities constitute the unauthorized practice of law under Tex. Gov't Code § 81.102(a)&(b). Exhibit 3, attached. The petition failed to note that Ms. Senanayake was a licensed attorney and that federal regulations permitted her to practice before the INS. The petition's sole legal ground was a citation to *UPLC v. Cortez*, 692 S.W.2d 47 (Tex. 1985), which the petition declared had settled the issue that Ms. Senanayake's INS practice constitutes "the practice of law in Texas." However, unlike Ms. Senanayake, the defendant in *Cortez* was *not* a licensed attorney and therefore was *not* authorized to practice before the INS, a fact omitted from the petition.

Peter D. Williamson, an attorney in private practice in Houston, Texas, swore to the facts in the UPLC's petition. Mr. Williamson initially acted as the UPLC's "expert witness," but

subsequently became its lead trial counsel. Mr. Williamson practices immigration law in Houston in competition with Ms. Senanayake.

On February 8, 2002, the state court held a temporary injunction hearing. It heard several hours of testimony, and reset the remainder of the hearing for March 1, 2002. After Ms. Senanayake served subpoenas on eight local lawyers who are in the same position as her, the UPLC passed the temporary injunction hearing and did not seek to reschedule it – but also did not dismiss its case.

Ms. Senanayake has made unsuccessful efforts to terminate the UPLC's action through informal discussion and through motion practice. While no temporary injunctive relief has been entered against her, the UPLC's effort to gain a permanent injunction is now set for trial on September 9, 2002, posing an imminent threat that Ms. Senanayake may be enjoined by a state court from practicing federal immigration law and representing her clients before the INS.

## III.    REASONS FOR GRANTING A TRO AND PRELIMINARY INJUNCTION.

### A.    Federal Law Determines who May Practice Before Federal Courts and Agencies, and Pre-empts Any Conflicting State Law.

Federal law governs who may practice before federal courts and federal agencies, and efforts by state authorities to govern such practice are preempted by the Supremacy Clause. This fundamental principle has been clearly established since at least 1963, when the United States Supreme Court decided *Sperry v. Florida State Bar*, 373 U.S. 379, 83 S. Ct. 1322 (1963).

In *Sperry*, the Florida Supreme Court had enjoined a non-attorney practitioner from representing clients before the United States Patent Office, even though he was registered to practice before the Patent Office pursuant to the agency's regulations. The Florida court had determined that the practitioner's actions constituted "the unauthorized practice of law" in Florida, and that it had the police power to regulate and enjoin such practice. *Sperry*, 373 U.S. at 382, 83 S. Ct. at 1324. The Supreme Court unanimously held that

A State may not enforce licensing requirement which, though valid in the absence of federal regulation, give "the State's licensing board a virtual power of review over the federal determination" that a person or agency is qualified and entitled to perform certain functions, or which impose upon the performance of activity sanctioned by federal license additional conditions not contemplated by Congress.

*Id.* at 385, 83 S. Ct. at 1326 (citations omitted).

INS regulations permit a person to be represented by any person who is a member in good standing of the bar of the highest court of <u>any</u> state who is not under a court order restricting his or her practice of law. 8 C.F.R. §§ 1.1(f); 292.1(a)(1). Federal regulations define "practice" before the INS and the Board of Immigration Appeals as

the act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of any other person or client before or with the Service, or any officer of the Service or the Board [of Immigration Appeals].

8 C.F.R. §§ 1.1(i). "Preparation" means "the study of the facts of a case and the applicable laws, coupled with the giving of advice and auxiliary activities, including the incidental preparation of papers ... ." 8 C.F.R. § 1.1(k). The INS regulations, then, define both what constitutes the practice of immigration law, and who may engage in it.

### B.    The UPLC and the State Bar <u>Know</u> They Lack Authority to Regulate the Practice of Law before Federal Courts and Federal Agencies.

Thirty-three years ago, the State Bar tried to apply its advertising regulations to a patent attorney. The Fifth Circuit, relying on *Sperry*, stated clearly that the State Bar had no such authority, because state law was preempted by the federal regulations governing practice before the U.S. Patent Office. *Silverman v. State Bar of Texas*, 405 F.2d 410, 413-15 (5th Cir. 1968). The patent attorney was entitled to advertise his practice consistent with the applicable federal regulations, even though those advertisements may have violated the State Bar's rules. *Id.*

Seven years ago, the UPLC tried to enforce state law standards for "the unauthorized practice of law" against a company and a non-lawyer who were providing bankruptcy claim

services. Relying again on *Sperry*, the District Court and the Fifth Circuit soundly rejected this effort to impose state law on the federal domain:

> The UPLC of the State of Texas is attempting to dictate to the federal courts who is or is not fit to handle administrative matters in the federal bankruptcy courts. ...

> The federal courts must be able to exercise [their] inherent power and make determinations as to what is or is not the practice of law free from the licensing requirements of the State of Texas. Federal courts cannot defer to states when making determinations as to who may perform which acts in furtherance of the administration of justice.

*UPLC v. Paul Mason & Associates, Inc.*, 46 F.3d 469, 471 (5th Cir. 1995) (quoting *UPLC v. Paul Mason & Associates, Inc.*, 159 B.R. 773, 778 (N.D. Tex. 1993)).

In April 2001, the State Bar itself published a formal report that recognized the *Sperry* doctrine and admitted that Texas UPL laws do <u>not</u> apply to persons like Ms. Senanayake who practice before the INS. In the course of making recommendations as to how the Texas UPL statutes might be amended, the State Bar suggested an express exception for persons who

> provide a client legal representation and legal advice inherent in such representation within the jurisdiction of a court or administrative agency of the federal government, to the extent authorized by and within the scope of authority of such agency."[1]

Significantly, the State Bar report stated that this provision "would carry forward <u>current law</u>." *Id*. at 20 fn. 32. The report cited *Sperry* and <u>the INS regulations under which Ms. Senanayake conducts her immigration practice</u>, explaining that "certain accredited and other persons [are] allowed to act as representatives before the [INS] and Board of Immigration Appeals." *Id*.

Finally, in case there was any need for additional guidance, Texas Attorney General John Cornyn issued on June 19, 2001, a 9-page opinion making clear that Texas licensing authorities cannot impose their regulations on persons providing services to the Federal government. AG

---

[1] State Bar of Texas Task Force Recommendation of a New Statutory Definition for the Unauthorized Practice of Law (April 2001) at 19-20 (attached in relevant part as Exhibit 4) (available at http://www.texasbar.com/newsinfo/newsevents/upltf.pdf). According to the report, the State Bar Task Force

Op. JC-0390 (2001). Inexplicably, however, the Texas UPLC and the State Bar are forging ahead with an effort to enjoin Ms. Senanayake from conducting her federal immigration practice.

### B. This Court Should Enjoin the Defendants' Unauthorized Efforts to Control Who May Practice Before Federal Administrative Agencies.

It is uncontested that Ms. Senanayake satisfies the applicable INS regulations: her license from the Supreme Court of New York is in good standing, and she is under no court order restricting her practice of law. She limits her practice to immigration law, but it is this very practice that the Defendants are seeking to enjoin. *See* Exhibit 3 ¶ V & VI. Because the law is clear that Federal courts and agencies set their own standards as to who may practice before them, Ms. Senanayake is likely to succeed on the merits of her claim. And because the Defendants' quixotic pursuit of Ms. Senanayake threatens immediate and irreparable harm, it should be enjoined.

First, the Defendants are seeking to prohibit Ms. Senanayake from practicing her chosen profession, therefore threatening her ability to earn a livelihood.

Second, any order prohibiting Ms. Senanayake from practicing immigration law will delay her for at least a full year in becoming eligible to take the Texas bar exam. Because Ms. Senanayake does not have a law degree from a U.S. law school, her path to eligibility to take the Texas bar is through the continuous practice of federal law for three years. An injunction, even one that is ultimately overturned on appeal, would mean she would have to begin again, losing the year during which she has already practiced federal law.

Third, an order prohibiting Ms. Senanayake from practicing immigration law threatens her ability to practice immigration law *anywhere*. Under the INS regulations, a lawyer may not represent clients if the lawyer is subject to "*any* order of *any* court suspending, enjoining,

---

contained no less than "four persons who have chaired the Supreme Court's Unauthorized Practice of Law Committee." *Id.* at 2.

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER – Page 7**

restraining ... or otherwise restricting [her] in the practice of law." 8 C.F.R. § 1.1(f) (emphasis added). If not stopped, the Defendants' efforts would turn the Supremacy Clause and *Sperry* upside down – by permitting a state agency and state court to effectively dictate who may practice federal law before federal agencies.

Fourth, if an injunction is permitted to be entered against Ms. Senanayake, it would leave her more than one hundred clients without legal representation in their INS proceedings in what can be a complex, time-consuming, and critical administrative process.

Finally, an injunction against Ms. Sananayake's representation of her immigration law clients would interfere with, and irreparably harm, the detailed federal administrative scheme regulating who may represent persons with immigration matters pending before the INS, an area of law exclusively committed to the federal government under the Constitution. *See* U.S. Const. art. I, § 8. As the Fifth Circuit noted in *UPLC v. Paul Mason & Associates, Inc.*, 46 F.3d 469, 471 (5th Cir. 1995), the "federal courts are in the best position to make these uniquely federal determinations – not the UPLC of the State of Texas."

**D.    Abstention is Not Warranted.**

Because the UPLC has sued Ms. Senanayake in state court, the Defendants may urge abstention under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971). However, *Younger* does not apply. Even if the Court were to find *Younger* potentially applicable, the Plaintiff is ready to show that the exceptions to *Younger* are met in this case.

**1.    *Younger* does not apply.**

A party seeking *Younger* abstention must first establish an important state interest, *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982), and when there is no cognizable state interest, the justification for abstention disappears. The Supreme Court and the Fifth Circuit established in *Sperry*, *Silverman* and *Paul Mason & Associates, Inc.*,

that Texas has no cognizable interest in regulating the practice of lawyers before federal courts and administrative agencies. *Younger* does not preclude a federal court from preventing a state from forcing its licensing requirement on a party when federal law preempts those requirements (as here). For instance, the court in *Gartrell Construction, Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991), held that *Younger* abstention was inappropriate and upheld an order enjoining the further prosecution of a proceeding seeking to fine a federal contractor for failing to obtain state licensing. *See also Nat'l R.R. Passenger Corp. v. Florida*, 929 F.2d 1532, 1536 n.12 (11th Cir. 1991) (*Younger* abstention inappropriate when "preemption is readily apparent .. and, because of preemption, a state tribunal is acting beyond the lawful limits of its authority.") (quoting *Baggett v. Dep't of Prof'l Regulation*, 717 F.2d 521, 524 (11th Cir. 1983)).

Moreover *Younger* abstention is meant to apply when the state court lawsuit *precedes* a federal action. In this case, it is the *federal* INS proceedings that came first: at the time the UPLC filed suit, Ms. Senanayake was representing some 22 clients in federal administrative proceedings. It is the UPLC, therefore, that is seeking to interfere with ongoing federal proceedings by enjoining Ms. Senanayake's representation of her INS clients. There is no need for comity when the state lawsuit threatens to interfere with ongoing federal proceedings.

### 2.    The Plaintiff is prepared to show that the *Younger* exceptions apply.

Even in cases where the *Younger* doctrine may be applicable, there are exceptions, including when the state court action is brought in bad faith, for purposes of harassment, or when there are special circumstances, all which the Plaintiff is prepared to show, if necessary.

A bad faith prosecution is one "brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975). The State Bar in *Silverman* and the UPLC in *Paul Mason & Associates, Inc.* litigated the federal preemption issue and lost. Last year, the Bar's own UPL Task Force conceded that Texas UPL laws do not apply to persons

like Ms. Senanayake who practice immigration law before the INS. Exhibit 4. Although neither agency can have any reasonable expectation of obtaining a valid injunction, the Defendants persist in going forward, justifying a conclusion of bad faith.

There is also evidence that a desire to harass Ms. Senanayake animates the UPLC's suit. The action is being prosecuted by an immigration lawyer in private practice in Houston, raising the specter of anti-competitive motives. And although the lawsuit is based entirely on the uncontested fact that Ms. Senanayake is practicing federal immigration law without a Texas law license, the petition includes scurrilous, groundless and unverified allegations that Ms. Senanayake is providing "inept legal services" through "illegal organizations" and "assumed names." *See* Exhibit 3 para. VIII. The UPLC has also demanded to review Ms. Senanayake's confidential client files, without regard to the privilege attached to those files.

In addition, this case falls under the "exceptional circumstances" exception to *Younger*, which holds that when a state law flagrantly and patently violates the Constitution, abstention is unwarranted. *See Kugler,* 421 U.S. at 124-25 & n.4. Here, the Defendants are flagrantly and patently violating the Supremacy Clause by trying to regulate practice before a federal agency. There is no reason for a federal court to defer to the efforts of a state agency to interfere with the unique and exclusive province of federal agencies to regulate the practice of law before them.

## IV.    REQUEST FOR RELIEF.

The Plaintiff asks this Court to grant a temporary restraining order and preliminary injunction enjoining the Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from interfering with the Plaintiff's representation of clients in federal legal matters, including taking or pursuing any legal action to enjoin, hinder, or limit the Plaintiff's practice of immigration law before federal administrative agencies or federal courts, and such other and further relief to which she may be entitled.

Respectfully submitted,

Peter D. Kennedy
State Bar No. 11296650
Rebecca S. Smith
State Bar No. 24013535
114 West 7th Street, Suite 1100
Austin, Texas  78701
(512) 499-0299
(512) 499-0094 (Fax)

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

GEORGE & DONALDSON, L.L.P.
114 West 7th Street, Suite 1100
Austin, Texas  78701
(512) 499-0299
(512) 499-0094 (Fax)

## VERIFICATION

My name is Dakshini R. Senanayake   I am the Plaintiff in the above-captioned matter.  I have reviewed the foregoing Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction, and I hereby declare under penalty of perjury that the facts set out in Section II and Section III.B are within my personal knowledge and are true and correct as stated.

_Senanayake ._

Dakshini R. Senanayake

**EXHIBITS IN SUPPORT OF**
**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

1.    Document confirming licensure by the New York Supreme Court.

2.    Document confirming admission to practice before the United States District Court for
the Southern District of Texas.

3.    Plaintiff's Original Petition and Application for Injunctive Relief, No. 2002-03774,
Harris County Texas, 28th Judicial District.

4.    Excerpts from State Bar of Texas Task Force Recommendation of a New Statutory
Definition for the Unauthorized Practice of Law (April 2001) (available at
http://www.texasbar.com/newsinfo/newsevents/upltf.pdf).



# State of New York
# Appellate Division of the Supreme Court
# Third Judicial Department

---

**I, Michael J. Novack**, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## Dakshini Ramyalatha Senanayake

having taken and subscribed the Constitutional Oath of Office as prescribed by law, was duly licensed and admitted to practice by this Court as an Attorney and Counselor at Law in all courts of the State of New York on the  23rd  day of  January  , 20 01 , is currently in good standing and is registered with the Administrative Office of the Courts as required by section four hundred sixty-eight-a of the Judiciary Law.



In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court, at the City of Albany, this  23rd  day of  January  , 20 01 .



Clerk

EXHIBIT
1

# THE UNITED STATES OF AMERICA

United States District Court

Southern District of Texas



I, Michael N. Milby, Clerk of the United States District Court for the Southern District of Texas, do hereby certify that

## Dakshini R. Senanayake

was duly admitted and qualified as an Attorney and Counselor of said District Court on the **10th** day of **August, A.D., 2001.**

In testimony whereof, I hereunto set my hand and affix the seal of said Court, at my office in **Houston** in the Southern District of Texas, this **10th** day of **August,** A.D., 2001



Admission 28839

Michael N. Milby
Clerk

EXHIBIT
2

2002-03774

NO. _____

| | | |
|---|---|---|
| UNAUTHORIZED PRACTICE OF LAW COMMITTEE FOR THE SUPREME COURT OF TEXAS, | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS    COUNTY,    TEXAS |
| DAKSHINI R. SENANAYAKE | § § § | 280 JUDICIAL   DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, the UNAUTHORIZED PRACTICE OF LAW COMMITTEE FOR THE SUPREME COURT OF TEXAS *("UPLC")*, hereinafter referred to as Plaintiff, complaining of DAKSHINI R. SENANAYAKE,  hereinafter sometimes called "Defendant," and for cause of action would respectfully show unto the Court as follows:

I.

### Parties

Plaintiff is a standing committee created by Tex. Gov. Code, Sec. 81.104(2) and appointed by the Honorable Supreme Court of the State of Texas.

The Defendant, DAKSHINI R. SENANAYAKE, may be served with citation at her regular place of business, 7100 Regency Square, Suite 230-I, Houston, Texas 77036.

II.

Plaintiff herein seeks permanent injunctive relief and an award of attorney's fees arising from the actions of the Defendant of which Plaintiff complains and says constitute the unauthorized practice of law.

III.

Plaintiff is authorized to bring this action pursuant to Tex. Gov. Code, Sec. 81.

2 - 6 - 02  @  11:07 A.M.

**EXHIBIT**

**3**

IV.

Defendant is not now nor has she ever been at any time a duly admitted attorney in the State of Texas so as to allow her to engage in acts, practices and conduct which constitute the practice of law. The activities of the Defendant constitute the unauthorized practice of law.

V.

Although Sec. 81.102(a) of the Government Code of the State of Texas and the order of the Supreme Court of the State of Texas originally entered on the 19th day of June, 1979, prohibits all persons not members of the State Bar of Texas from practicing law, except for the limited practice of law authorized by Section 81.102(b), Texas Government Code, the Defendant has nevertheless engaged over a substantial period of time in a persistent pattern of conduct and action which constitutes the practice of law, including, but not limited to advertising to the public that she possesses the skills necessary to help complete various types of immigration forms and to obtain a working permit for non-citizens of the United States of America.

VI.

The Defendant advertises in Houston newspapers that she possesses the ability to assist in immigration law matters concerning "Green Card thru Employment/Family - H-1b visas - CSS/LULAC - Citizenship - VAWA". The Defendant represented to the Plaintiff's Subcommittee that "I do business and family immigration and this mainly consists of filing petitions with the Immigration and Naturalization Service". The Defendant resides in Houston, Texas. The Defendant has an immigration business, only in Houston, Texas. The Defendant has an office, desks, chairs and other office fixtures only in Houston, Texas.

VII.

The Supreme Court of Texas has already held that the actions of the Defendant constitute the practice of law in Texas. *Unauthorized Practice of Law Committee, State Bar of Texas v. Cortez*, 692 S.W.2d 47 (Tex. 1985).

Plaintiff has reason to believe and does believe that because of the long pattern of misconduct on the part of the Defendant and her continued, uninterrupted activities, that this Defendant will, in the future, engage in a course of conduct the same or similar to that course of conduct set out above, which constitutes the unauthorized practice of law.

The Defendant is practicing law in Texas as defined by Texas law. The public interest and protection of the public demand that legal advice and legal services be rendered to the public only by persons duly qualified, schooled and educated in the law of Texas, who are subject to the Disciplinary Rules of the State Bar of Texas, and who are attorneys duly admitted to practice law by the Supreme Court of Texas.  Public interest demands that persons receiving legal services will receive the same directly from qualified persons who are at all times subject to the ethical considerations and disciplinary rules of the State Bar of Texas and of our courts.  It is one of the functions of the State Bar of Texas to aid in maintaining high standards of professional conduct of attorneys and professional services, to protect the public against unqualified and unlicensed persons rendering legal service, to protect professional standards and the public reputation of attorneys and the legal profession.

## VIII.

Additionally, and not in the alternative, Plaintiff requests from the Court a Declaratory Judgment, under Section 37.003 of the Civil Practice and Remedies Code, that the acts complained of above constitute the unauthorized practice of law and the aiding and abetting of the unauthorized practice of law.  Pursuant to Section 37.009 of the Texas Civil Practice & remedies Code, Plaintiff herein is entitled to recover of and from the Defendant its costs and reasonable attorney's fees.

A danger is posed that the Defendant will further prejudice legal rights of citizens of this State by her inept legal services and illegal organizations and assumed names, will thereby alter the status quo intended to make ineffectual any judgment in favor of Plaintiff; and unless Defendant is deterred from continuing her present practices, Plaintiff will be without an adequate remedy of law, in that the harm to Plaintiff and to the public it is sworn to protect, is incapable of being precisely ascertained and is unpredictable and unending.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein as required by law and that upon final hearing hereof the Plaintiff have judgment of and from the Defendant for and temporary restraining order, a temporary injunction and a permanent injunction after trial on the merits enjoining Defendant, her agents, shareholders, officers, directors, employees, attorneys, successors, businesses or assigns, or any one acting in concert with them, from engaging in the unauthorized practice of

law or the aiding and abetting of the unauthorized practice of law; a declaratory judgment that Defendant's activities constitute the unauthorized practice of law; an accounting requiring the Defendant to account for the monies and profit obtained by her because of this illegal activity; costs of court; attorneys' fees; and for such other and further relief, whether in law or in equity, as Plaintiff may show itself to be justly entitled to receive.

Respectfully submitted,

LEHMANN & ASSOCIATES

Jeffrey A. Lehmann
State Bar Number:   12173500
9800 Northwest Freeway, Suite 507
Houston, Texas 770902
Telephone:    (713) 957-2800
Facsimile:     (713) 957-4178
ATTORNEY FOR THE PLAINTIFF,
UNAUTHORIZED PRACTICE OF LAW
COMMITTEE FOR THE SUPREME
COURT OF TEXAS

THE STATE OF TEXAS    §
                                         §
COUNTY OF HARRIS    §

I have read the facts in the forgoing petition, they are true and correct and they are within my personal knowledge.

PETER D. WILLIAMSON

Sworn to before me this _____ day of January, 2002

NOTARY PUBLIC,    STATE OF TEXAS

law or the aiding and abetting of the unauthorized practice of law; a declaratory judgment that Defendant's activities constitute the unauthorized practice of law; an accounting requiring the Defendant to account for the monies and profit obtained by them because of this illegal activity; costs of court; attorneys' fees; and for such other and further relief, whether in law or in equity, as Plaintiff may show itself to be justly entitled to receive.

Respectfully submitted,

LEHMANN & ASSOCIATES

Jeffrey A. Lehmann
State Bar Number:   12173500
9800 Northwest Freeway, Suite 507
Houston, Texas 770902
Telephone:    (713) 957-2800
Facsimile:    (713) 957-4178
ATTORNEY FOR THE PLAINTIFF,
UNAUTHORIZED PRACTICE OF LAW
COMMITTEE FOR THE SUPREME
COURT OF TEXAS

THE STATE OF TEXAS    §
                      §
COUNTY OF HARRIS      §

I have read the facts in paragraph VI in the forgoing petition, they are true and correct and they are within my personal knowledge.

Peter D. Williamson

Sworn to before me this 24th day of January, 2002

JUDY ROBERTS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES

NOTARY PUBLIC, STATE OF TEXAS

- 4 -



# STATE BAR OF TEXAS TASK FORCE
# RECOMMENDATION OF A NEW STATUTORY DEFINITION
# FOR THE UNAUTHORIZED PRACTICE OF LAW

**April 2001**

EXHIBIT

4

# **Table of Contents**

The Task Force and Its Objective . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

The Rationale for Regulation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Current Regulation in Texas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 81.101  Definition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 81.102  State Bar Membership Required . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 83.001 Prohibited Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 38.122 Falsely Holding Oneself Out as a Lawyer . . . . . . . . . . . . . . . . . . . . . . 6
    § 38.123 Unauthorized Practice of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Evaluating the Need to Revise Texas's Statutes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

The Structure of the Proposed Statutory Revision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Section 81.101 - Defining the Practice of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    § 81.101       Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
              A.      The "practice of law" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
              B.      "Legal representation" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
              C.      "Legal advice" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
              D.      "In a professional capacity" . . . . . . . . . . . . . . . . . . . . . . . . . 14
              E.      "Individual" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
              F.      "Person" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
              G.      "Attorney" or "lawyer" . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
              H.      The definition of the practice of law . . . . . . . . . . . . . . . . . . . 17

Section 81.102 - Who Can Practice Law and Under What Circumstances . . . . . . . . . . . . . . 17
    § 81.102       Qualifications for the Practice of Law . . . . . . . . . . . . . . . . . . . . . . 17

Sections 81.107 and 81.108 - Enhanced Enforcement . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
    § 81.107 Attorney General as Special Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
    § 81.108  Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Epilogue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Appendix A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
    Text of Proposed Statutory Language . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
        § 81.101       Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Section 81.102 - Who Can Practice Law and Under What Circumstances . . . . . . . . . . . . . . 32

§ 81.102 Qualifications for the Practice of Law ............................. 32

§ 81.107 Attorney General as Special Counsel ............................... 35
§ 81.108 Recovery ......................................................... 35

Appendix B .................................................................. 36
    Changes from Preliminary Report ........................................ 36
    Section 81.101 ......................................................... 36
    Former Section 81.102(11) .............................................. 37
    Originally-proposed Section 81.102.B.12 ................................ 38

# STATE BAR OF TEXAS TASK FORCE
## RECOMMENDATION OF A NEW STATUTORY DEFINITION
## FOR THE UNAUTHORIZED PRACTICE OF LAW

### April 2001

Presidents Peña, Aycock, and Liberato, at the request of the Supreme Court, have appointed this task force to evaluate the State's regulation of the unauthorized practice of law. For the past two years, the task force has been in the process of performing a wide-ranging study on that topic. In October 1999, the task force issued a preliminary report concerning the ABA Commission's proposal to allow nonlawyers to participate as owners in entities (multidisciplinary practice groups or "MDPs") in which lawyers practice law.[1] In May of 2000, the task force put out for public comment a preliminary report on a different subject – what persons other than lawyers licensed by the Texas Supreme Court should be allowed to perform services in Texas which constitute the practice of law.[2] Numerous comments on that preliminary report have now been received from members of the State

---

[1]   *See* State Bar of Texas Task Force, *Preliminary Report on the ABA Commission's Multidisciplinary Practice Proposal* (October 1999), reprinted in 63 TEX. B. J. *ff.* 150 (Feb. 2000).

[2]   *See* State Bar of Texas Task Force, *Preliminary Recommendation of a New Statutory Definition for the Practice of Law* (May 2000), reprinted in 63 TEX. B. J. 543 (June 2000).

Bar and from the public.[3]  The Task Force, having carefully reviewed the received comments, now issues this report to recommend new statutory language to regulate the unauthorized practice of law (hereinafter sometimes referred to as "UPL") in the State of Texas.[4]

### The Task Force and Its Objective

One of the goals in the selection of the Task Force has been to obtain a cross-section of perspective from the State Bar's membership. The Task Force is comprised of sixteen members. Two are solo practitioners, four are from firms of less than twenty lawyers, five are from firms of more than twenty lawyers, and five are in public interest, corporate, or governmental positions. More than half of the members have office practices and the rest are litigators. The Task Force also includes the chair of the Supreme Court's Board of Law Examiners, the chair of the State Bar board of directors, the General Counsel of the Texas State Board of Public Accountancy, four persons who have chaired the Supreme Court's Unauthorized Practice of Law Committee, as well as on an *ex officio*, non-voting basis the State Bar's Executive Director and current President and President-elect.

Implicit in the request of the Supreme Court for the appointment of the Task Force was an expectation that the Task Force members would approach their work from the standpoint of the public interest, and not from the standpoint of economic self-interest. The Task Force has accepted that charge. For that reason, this report is not intended to express the political will of either the

---

[3]   The written comments are available as an appendix from the State Bar of Texas (attn: Sharon Ley), P. O. Box 12487, Austin, Texas 78711 (sley@texasbar.com).

[4]   This report is being disseminated in print and on the State Bar's website to members of the State Bar and other interested persons. The Task Force recognizes the difficulty of this project and invites continuing comments on its proposal. Comments may be submitted to the UPL Task Force, State Bar of Texas, P.O. Box 12487, Capitol Station, Austin, Texas 78711-2847 (sley@texasbar.com).

This limitation is imposed to prevent misuse of the provision as a way of representing multiple clients without having fulfilled the educational and other requirements required by the Supreme Court.

   3.   **Attorneys licensed in another jurisdiction, bona fide law students, and unlicensed graduate students who are attending or have attended a law school approved by the supreme court, to the extent authorized by rules promulgated by the supreme court;**[29]

   4.   **Individuals representing a client within the jurisdiction of a justice court or a small claims court of this state, to the extent authorized by rules promulgated by the supreme court;**[30]

   5.   **Individuals providing to a client legal representation and legal advice inherent in such representation within the jurisdiction of an administrative agency of the state or a subdivision of the state, to the extent authorized by rules promulgated by and within the scope of authority of such agency or body;**[31]

   6.   **Individuals providing to a client legal representation and legal advice inherent in such representation within the jurisdiction of a court or**

---

[29]  This subsection is substantially the same as existing Tex. Government Code § 81.102(b).

[30]  This subsection would carry forward current law. *See* Tex. Gov't Code § 28.003 (corporations need not be represented by attorneys in small claims court); Tex. R. Civ. P. 739 (allowing "the party aggrieved or his authorized agent" to file forcible entry and detainer complaints in justice courts) & 747a (allowing representation by "authorized agents" in forcible entry and detainer suits in justice courts); Tex. Prop. Code § 24.011 (same); Op. Tex. Att'y Gen. No. JM-451 (1986) (section 24.011 applies only to individuals).

[31]  This subsection would carry forward and clarify current law. *Compare Indus. Accident Bd. v. O'Dowd*, 298 S.W.2d 657 (Tex. Civ. App.–Austin), *rev'd on other grounds*, 303 S.W.2d 763 (Tex. 1957) (implicitly approving Industrial Accident Board's authorization of non-lawyer representatives) with *Stewart Abstract Co. v. Judicial Comm'n*, 131 S.W.2d 686 (Tex. Civ. App.–Beaumont 1939, no writ) (disapproving interpretation of State Board of Insurance's regulations as authorizing title insurers to practice law, as being outside the power of the Board). *See also* Op. Tex. Att'y Gen. No. H-974 (1977) (non-lawyer representation before the State Board of Insurance and Industrial Accident Board found to be permitted by each agency and hence deemed not the unauthorized practice of law).

administrative agency of the federal government, to the extent authorized by and within the scope of authority of such court or agency;[32]

7.    Individuals acting as arbitrators, mediators, or impartial third parties in alternative dispute resolution procedures;[33]

8.    Persons authoring, publishing, and distributing written materials, books, forms, computer software, or similar products incorporating legal advice, to the extent of such authorship, publication, and distribution, if the products clearly and conspicuously state that the products are not a substitute for the advice of an attorney licensed in the state where the product is used, *provided, however*, that this subsection does not apply to forms or programs used in preparing real estate transaction documents for the creation, modification, or release of a single individual's or family's homestead rights.[34]

This provision is modeled on a statutory amendment enacted by the Legislature in 1999 to reverse a federal court decision which had enjoined the distribution of a legal software program,

---

[32]    This subsection would carry forward current law. *See, e.g., Sperry v. Florida*, 373 U.S. 379 (1963) (federal regulations for the United States Patent Office preempt state unauthorized practice of law statute); 8 C.F.R. 292.1 (certain accredited and other persons allowed to act as representatives before the Immigration & Naturalization Service and Board of Immigration Appeals).

[33]    This subsection generally would carry forward current law. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE § 154.052 (qualifications to be an impartial third party appointed under that chapter do not include any reference to being a lawyer); *but compare* TEX. CIV. PRAC. & REM. CODE § 155.003 ("Any attorney currently licensed in the state may serve during the settlement weeks" described in that chapter).

A non-lawyer neutral should not undertake to give legal advice to the parties, as discussed in note 13 *supra*.

[34]    This section is derived from Tex. Government Code § 81.101(c) and broadened to include real estate transactions, except those involving the Texas homestead exemption as defined in Tex. Prop. Code § 41.002.